IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | | |
|---|---|---|
| WOODRIDGE TOWNHOMES, GP, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| VS. | ) | No. 1-05-1118-T-An |
| | ) | |
| AUTO-OWNERS INSURANCE CO., | ) | |
| | ) | |
| Defendant. | ) | |

ORDER GRANTING MOTION TO REMAND

Plaintiff Woodridge Townhomes, GP, originally filed this action in the Chancery Court of Madison County, Tennessee, against Defendant Auto-Owners Insurance Co. regarding portions of an insurance claim addressing coverage of several metal awnings/carports damaged in a tornado on May 4, 2003. Defendant removed the action to this court with jurisdiction predicated on diversity of citizenship, 28 U.S.C. § 1332. Plaintiff files this motion to remand pursuant to 28 U.S.C. § 1447, arguing that remand is appropriate because Defendant failed to file its notice of removal within thirty (30) days after receiving a copy of the complaint. See 28 U.S.C. § 1446(b). For the following reasons, Plaintiff's motion is GRANTED.

Plaintiff filed suit in chancery court on August 18, 2004. The original suit named Plaintiff as "Woodridge Townhomes, LLC, a Tennessee Limited Liability Company," rather

than "Woodridge Townhomes, a Tennessee General Partnership."[1] On November 22, 2004, Auto-Owners filed an answer to the complaint and filed a third-party complaint against Thompson & Smith, LLC, the insurance agency that issued the policy to Plaintiff. On December 1, 2004, Auto-Owners amended the third-party complaint as to damages.

On December 30, 1999, a certificate of merger was filed with the Tennessee Secretary of State, merging Woodridge Townhomes, LLC, into Woodridge Townhomes, GP. Plaintiff informed Defendant of the merger on January 24, 2005, when it responded to a set of interrogatories. Plaintiff then filed a motion to amend its complaint in order to substitute Plaintiff "Woodridge Townhomes, LLC," for "Woodridge Townhomes, GP." The court granted Plaintiff's motion on April 4, 2005.

Defendant filed its petition for removal on April 21, 2005. Defendant argues that removal is proper under 28 U.S.C. § 1446(b) because the notice for removal was filed within thirty (30) days after receipt of Plaintiff's amended complaint. Further, Defendant argues that because Plaintiff changed its status on December 30, 1999, it was not a legal entity when it brought suit against Defendant as "Woodridge Townhomes, LLC," and therefore, there was no "case" removable by § 1446(b) until the court granted the amended complaint on April 4, 2005. Plaintiff argues that its misnomer does not mean that there was no suit, and thus, nothing to remove, until April 4, 2005. Consequently, it argues that this case should be remanded because Defendant failed to timely remove.

---

[1] Defendant is a foreign corporation with its principal place of business in Lansing, Michigan.

2

In general, a civil case brought in state court may be removed to federal court if it could have been brought in federal court originally. 28 U.S.C. § 1441(a). A defendant seeking to remove a case to federal court has the burden of establishing that the jurisdictional requirements are met. See Alexander v. Electronic Data Sys. Corp., 13 F.3d 940, 949 (6th Cir. 1994); Gafford v. General Elec. Co., 997 F.2d 150, 155 (6th Cir. 1993) (citing Wilson v. Republic Iron & Steel Co., 257 U.S. 92, 97 (1921)). The removal statutes are to be strictly construed, and there is a strong presumption against removal. St. Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283, 290-91 (1938); Alexander, 13 F.3d at 949.

> Twenty-eight U.S.C. § 1446(b) states the procedure for removal. It provides:
>
> The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant... of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based....
> If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant... of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable....

In the present case, Defendant does not fit within the second paragraph of § 1446(b). The original complaint stated that Plaintiff was a Tennessee company and that Defendant was a foreign corporation . Plaintiff remained a Tennessee resident when the certificate of merger was filed with Tennessee's Secretary of State. The misnomer corrected by the amended complaint did not provide grounds for removal under § 1446(b) because Plaintiff's residency did not change as a result. Thus, diversity was present at the time the initial

pleading was filed and Defendant had thirty days to remove on that basis. In addition, Defendant answered the initial complaint and has not demonstrated that it was negatively affected or unaware of the diversity grounds for removal as a result of the misnomer.

Defendant failed to timely remove. As a result, Plaintiff's motion to remand to the Chancery Court of Madison County, Tennessee, is GRANTED.

IT IS SO ORDERED.

_/s/ James D. Todd_
JAMES D. TODD
UNITED STATES DISTRICT JUDGE

_22 June 2005_
DATE

4

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 7 in case 1:05-CV-01118 was distributed by fax, mail, or direct printing on June 24, 2005 to the parties listed.

---

J. Kimbrough Johnson
THOMASON HENDRIX HARVEY JOHNSON & MITCHELL
40 S. Main St.
Ste. 2900
Memphis, TN 38103--552

Charles Patterson
LAW OFFICES OF CHARLES PATTERSON
107 W. Main St.
Jackson, TN 38301

Arthur E. McClellan
MCCLELLAN POWERS EHMLING & DIX
116 Public Square
Gallatin, TN 37066

Honorable James Todd
US DISTRICT COURT